UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN SOLORZANO-RAMIREZ
(A-240-464-726),

Petitioner,

v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-2540 DC CSK

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner Christian Solorzano-Ramirez (A-240-464-726), an approximately twenty-six year old native and citizen of Mexico who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner entered the United States with his parents when he was two years old at an unknown location without being inspected, admitted or paroled by immigration officials.  On February 20, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials.  ICE initiated removal proceedings against petitioner based on his criminal convictions.  This habeas action concerns petitioner's detention.  For the reasons that follow, the Court recommends that the petition for writ of habeas

---

[1]  Petitioner is proceeding in forma pauperis and without counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

corpus be denied.

## I.    FACTUAL BACKGROUND

Petitioner is an approximately twenty-six year old native and citizen of Mexico.  (ECF No. 7 at 9, 30.)  Petitioner entered the United States with his parents when he was two years old at an unknown location without being inspected, admitted or paroled by immigration authorities.  (Id. at 11.)  On December 11, 2018, petitioner was convicted in the Solano County Superior Court of carjacking in violation of California Penal Code § 215 and assault with force likely to cause great bodily injury in violation of California Penal Code § 245(a)(4).  (Id. at 25-27.)  Petitioner was sentenced to 9 years in state prison, which included a sentence enhancement for use of a firearm.  (Id.)  On February 20, 2026, petitioner was transferred from California State Prison-Solano to ICE custody.  (Id. at 10.)  On February 20, 2026, petitioner was issued a Notice to Appear charging petitioner with being subject to removal under Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.  (Id. at 30.)

## II.    PROCEDURAL BACKGROUND

On April 3, 2026, petitioner filed his petition for writ of habeas corpus, a motion to proceed in forma pauperis, and a motion to appoint counsel.  (ECF Nos. 1-3.)  On April 15, 2026, respondent filed a timely answer.  (ECF No. 7.)  Petitioner did not file a reply/traverse.  (See docket.)  Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing

2

the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.    DISCUSSION**

Petitioner challenges his continued detention on the grounds that his prolonged detention violates the Fifth Amendment due process clause. (ECF No. 1 at 16-17.) Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) as his felony convictions render him inadmissible under 8 U.S.C. § 1182(a)(2)(B) and because his controlled substance convictions render him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). (ECF No. 7 at 1-3.)

**A.    Due Process Claim (Claim One)**

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) as his felony convictions render him inadmissible under 8 U.S.C. § 1182(a)(2)(B). (ECF No. 7 at 1, 2.) Respondents also argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) because his controlled substance convictions render him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). (Id. at 3.) The only criminal convictions respondents discuss in the response to the petition are petitioner's convictions for carjacking and assault with a deadly weapon. (Id. at 1.) Because respondents identify no criminal convictions involving controlled substances, this Court does not address whether petitioner is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Section 1226(c)(1) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2)(B) applies to "[a]ny alien convicted of 2 or more offenses (other than political offenses), regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement were 5 years

3

or more[.]"  8 U.S.C. § 1182(a)(2)(B).  Based on the record presently before the Court, this Court concludes that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1) because he is subject to removal pursuant to 8 U.S.C. § 1182(a)(2)(B) based on his convictions for carjacking and assault with a deadly weapon for which he was sentenced to 9 years, including the sentence enhancement for use of a firearm.

In the response, respondents also argue that if petitioner claims he is not subject to mandatory detention under 8 U.S.C. § 1226(c), petitioner can challenge his mandatory detention under Matter of Joseph, 22 I. & N. Dec. 799 (BIA), in a "Joseph Hearing."  (ECF No. 7 at 3.)  Respondents argue that at a Joseph Hearing, petitioner can demonstrate that he is not convicted of a predicate crime, or that the government is otherwise substantially unlikely to establish that he is not in fact subject to mandatory detention.[2]  (Id.)  Respondents argue that this Court should find that petitioner failed to exhaust his administrative remedies by failing to seek a Joseph Hearing in immigration court.  (Id.)  Contrary to respondents' argument, petitioner does not challenge his detention under 8 U.S.C. § 1226(c) in this action.  Petitioner argues that his prolonged detention violates his right to due process under the Fifth Amendment.  For that reason, this Court finds that petitioner was not required to exhaust administrative remedies by pursuing a Joseph Hearing before filing the instant petition.  Compare Cruz v. Sessions, 2018 WL 6047287, at *3-5 (N.D. Cal. Nov. 18, 2018) (where petitioner argued that his criminal conviction did not qualify as a crime of moral turpitude warranting mandatory detention under § 1226(c), finding that petitioner had not exhausted his administrative remedies in challenging his detention pursuant to 8 U.S.C. § 1226(c) because he had not yet received a decision on his appeal to the BIA).

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States … therefore is not statutorily entitled to a bond hearing."  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

---

[2] The Supreme Court has explained that:  "This 'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c). At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).

4

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention ... under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)).  "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5.  This Court joins other courts that have found that unreasonably prolonged detention

5

pursuant to § 1226(c) without a bond hearing can violate due process.  See Keo v. Chestnut, et al., No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026);  Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."  Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas, 533 U.S. at 693.  "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary."  Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps:  the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution."  Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).  Because petitioner has been detained for a little over two months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention.  Courts finding protected liberty interests in freedom from detention have based their findings on detention longer than two months.  See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest);  Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty

6

interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months).  Petitioner's detention does not exceed the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal."  Demore, 538 U.S. at 530.  Because petitioner has not demonstrated a liberty interest based on his detention of a little over two months, the petition for writ of habeas corpus should be denied.  See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

**V.      MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel.  (ECF No. 3.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  The Court does not find the interests of justice require appointment of counsel at the present time.  Petitioner's motion to appoint counsel is therefore denied without prejudice.

**VI.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be DENIED.

2.  The Clerk of the Court be directed to enter judgment in favor of respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Rami2540.imm.fr/2

8